HARDY *v.* C. I. T. CORP.

BILLS AND NOTES—HOLDER IN DUE COURSE—EVIDENCE.
In suit to enjoin transferee of promissory note from collecting
balance due thereunder where record sustains finding that note
was complete and regular upon its face and that defendant be-
came the holder in good faith and for value before maturity
and without notice of previous dishonor or infirmity in the
title of the transferor, defendant was properly found to be a
holder in due course and entitled to decree for balance due
(2 Comp. Laws 1929, §§ 9250, 9301).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted January 11, 1944. (Docket No. 18, Cal-
endar No. 42,293.) Decided February 24, 1944.

Bill by Gilbert Hardy and wife against C. I. T.
Corporation to enjoin collection of a claim and for
an accounting. Cross bill by defendant against
plaintiffs for a money decree. Decree for defend-
ant. Plaintiffs appeal. Affirmed.

*R. L. Crane,* for plaintiffs.

*Robert S. Beach* and *David L. Perrot,* for defend-
ant.

SHARPE, J. This is a suit in chancery to enjoin
the collection of the balance due on a promissory
note and for an accounting for moneys paid by
plaintiffs on said note.

During the month of May, 1939, plaintiffs entered

into an agreement with the Asbestos Siding & Home Improvement Company to have a new roof put on their home and to have cement piers put under the house. Subsequently and on May 24, 1939, plaintiffs executed a promissory note to the asbestos company in the sum of $551.90 in payment of materials furnished and work done. On May 26, 1939, defendant C. I. T. Corporation purchased the note from the asbestos company.

In June, 1939, a representative of the C. I. T. Corporation inspected the premises and reported that the roof had a bad leak. On July 13, 1939, the asbestos company informed defendant C. I. T. Corporation that the complaint had been taken care of to the satisfaction of plaintiffs. Beginning July 8, 1939, plaintiffs made 14 payments to the C. I. T. Corporation in accordance with the terms of the promissory note and then stopped making payments and began the instant suit. Defendant C. I. T. Corporation answered plaintiffs' bill of complaint and filed a cross bill in which it alleges that it is a holder in due course of the promissory note executed by plaintiffs and asked that the court make an order that plaintiffs are indebted to defendant C. I. T. Corporation in the sum of $337.24, the unpaid portion of the promissory note, and interest.

The trial court entered a decree dismissing plaintiffs' bill of complaint and granting the relief prayed for in the cross bill. Plaintiffs appeal.

The principal question in this case may be stated as follows: Is the defendant C. I. T. Corporation a holder in due course of a negotiable promissory note?

In our opinion the note in question is a negotiable instrument. It complies with the requirements of 2 Comp. Laws 1929, § 9250 (Stat. Ann. § 19.43). The trial court found that defendant corporation

is a holder in due course as defined by 2 Comp. Laws 1929, § 9301 (Stat. Ann. § 19.94). In coming to this conclusion of law, it was necessary to find: that the note was complete and regular upon its face; that the C. I. T. Corporation became the holder of it before it was overdue, and without notice that it had been previously dishonored; that defendant corporation took the note in good faith and for value; and that at the time it was negotiated to the C. I. T. Corporation, it had no notice of any infirmity in the instrument or defect in the title of the asbestos company. The record sustains such a finding of facts.

The decree of the trial court is affirmed, with costs to defendant C. I. T. Corporation.

North, C. J., and Starr, Wiest, Butzel, Bushnell, Boyles, and Reid, JJ., concurred.